IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MANUEL ALFONSO MENDOZA-MENJIVAR, § <br> Petitioner, § <br> § <br> v. § <br> § <br> PAMELA JO BONDI, United States § <br> Attorney General, et al., § <br> Respondents. § | § <br> § <br> § <br> § <br> A-25-CV-2060-DAE-ML <br> § <br> § <br> § |

### ORDER

Before the court is Petitioner Manuel Alfonso Mendoza-Menjivar's ("Petitioner") First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 2).[1] Petitioner paid the required filing fee. *See* Dkt. 1. In his Petition, Petitioner challenges his continued detention. Dkt. 2 at 1. Petitioner is currently confined in T. Don Hutto Detention Center in Taylor, Texas. *Id.* at 2. After consideration, Respondents are ordered to file a responsive pleading.

Petitioner invokes 28 U.S.C. § 2243 and asks the court to order Respondents Pamela Bondi, U.S. Attorney General; Kristi Noem, Secretary of Homeland Security; Sylvester Ortega, San Antonio Acting Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; and Charlotte Collins, Warden, T. Don Hutto Detention Center (together, "Respondents") to show cause as to why the petition should not be granted. Dkt. 2 ¶¶ 5-6.

The statutory provision that Petitioner invokes, 28 U.S.C. § 2243, instructs that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

[1] This case was referred by United States Senior District Judge David A. Ezra to the undersigned for all proceedings, pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 3.

1

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. However, district courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Dkt. 2 at 1-2; *see* 28 U.S.C. §§ 1225 and 1226. Due to constraints on the court's calendar, the court will extend the Respondents' deadline to show cause as to why Petitioner's writ should not be granted in accordance with § 2243.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the First Amended Petition for Writ of Habeas Corpus (Dkt. 2) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process on the Federal Government Respondents.

2. The Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the First Amended Petition for Writ of Habeas Corpus (Dkt. 2) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before January 2, 2026**, as to why the court should not grant Petitioner's First Amended Petition for Writ of Habeas Corpus (Dkt. 2). Petitioner may, at his discretion, file a reply **on or before January 6,**

**2026**. At this time, the court will not plan to set a hearing on this matter, but, **on or before January 2, 2026**, either party may request a hearing to be scheduled for after the completion of briefing. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

SIGNED December 19, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE